IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

MARÍA DEL MAR MACHADO-
MARISCAL,

    Plaintiff,

    v.

BAYAMÓN MEDICAL CENTER
CORP.,

    Defendant.

CIV. NO. 21-1468 (SCC)

**OMNIBUS OPINION & ORDER**

    Doctor María del Mar Machado-Mariscal has filed suit against Bayamón Medical Center Corp. (BMCC), claiming that it breached their professional services contract by terminating it early. Docket No. 1. She says it owes her a little over a million dollars, which is what she would have earned had it not terminated their contract early. *Id.* at 3. BMCC has filed a motion to dismiss her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that her allegations are too vague and conclusory to constitute a cognizable breach of contract claim. Docket No. 8. She later

filed a motion for summary judgment. Docket No. 13. BMCC then moved the Court to deny that motion as premature and allow it time to take discovery. Docket No. 16. She moved to strike this motion because BMCC did not attach a declaration or affidavit to it. Docket No. 17; *see generally* FED. R. CIV. P. 56(d) (stating a court may, among other things, defer ruling on a motion for summary judgment or permit time for discovery when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). BMCC filed a declaration with its response but contends that it did not have to. Docket No. 19; Docket No. 19-1.

    For the reasons below, the Court denies BMCC's motion to dismiss (Docket No. 8), denies without prejudice Dr. Machado-Mariscal's motion for summary judgment (Docket No. 13), grants BMCC's request to take discovery before responding to her motion for summary judgment (Docket No. 16), and denies Dr. Machado-Mariscal's motion to strike BMCC's request (Docket No. 17).

## I. Motion to Dismiss Pursuant to Rule 12(b)(6)

Dr. Machado-Mariscal brings a breach of contract claim against BMCC, alleging that it violated their professional services contract by terminating it early. Docket No. 1. BMCC argues that she has failed to state a cognizable breach of contract claim because her allegations are vague and conclusory. Docket No. 8. We disagree and therefore deny BMCC's motion to dismiss her complaint.

In evaluating a motion to dismiss a complaint, we "accept all well-pleaded, non-conclusory facts set forth in the complaint as true and draw all reasonable inferences" in the pleader's favor. *Cruz-Arce v. Mgmt. Admin. Servs. Corp.*, 19 F.4th 538, 543 (1st Cir. 2021). But we do not accept the pleader's "threadbare recitals of the elements of a cause of action" nor conclusory statements. *Alston v. Spiegel*, 988 F.3d 564, 571 (1st Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At bottom, all the pleader need do to survive a Rule 12(b)(6) motion is provide "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Cruz-*

*Arce*, 19 F.4th at 543 (quoting *Iqbal*, 556 U.S. at 678). Dr. Machado-Mariscal has done that.

Under Puerto Rico law, a contract requires the parties' consent, a definite object, and consideration. *P.R. Elec. Power Auth. v. Action Refund*, 515 F.3d 57, 63 (1st Cir. 2008) (citing P.R. LAWS ANN. tit. 31, § 3391). A pleader states a cognizable breach of contract claim when her complaint includes "sufficient allegations of a breach of [that contract] and that the breach caused an identifiable harm." *Almeida-León v. WM Cap. Mgmt.*, 993 F.3d 1, 13 (1st Cir. 2021) (citing *Mattei Nazario v. Vélez & Asociados*, 145 D.P.R. 508, 521 (1998)). Dr. Machado-Mariscal says that in 1997 she and BMCC entered into a professional services contract wherein she agreed to operate its nuclear medicine department and provide services to its patients.[1] Docket No. 1, pg. 2. In exchange, BMCC agreed to

---

1. Dr. Machado-Mariscal alleges that she formed this contract with Hospital Hermanos Meléndez, Inc. (HHMI), and that BMCC is liable for its obligations as its successor. Docket No. 1, pg. 2. Because she contends that BMCC stands in HHMI's shoes with respect to this contract, her allegations are directed at BMCC rather than HHMI. We follow suit here.

| MACHADO-MARISCAL V. BAYAMÓN MED. CTR. | Page 5 |
|---|---:|

pay her $4,000.00 every fifteen days. *Id.* Taken as true, these allegations amount to a contract: The parties agreed to enter into a professional services contract, Dr. Machado-Mariscal's professional services are the object, and BMCC's monetary compensation is the consideration.

Dr. Machado-Mariscal states that she and BMCC renewed this contract several times. *Id.* at 3. In 2012, they agreed to extend the contract's terms from November 2011 to November 2017 and to automatically renew the contract for an additional five years. *Id.* In other words, they agreed to automatically renew the contract in 2017 for an additional five years. *Id.* They also agreed that BMCC would pay her $10,752.69 every fifteen days. *Id.* In December 2018, BMCC terminated her services.[2] *Id.* She seeks compensation for the three years and eleven months remaining—what she would have been paid under the contract had BMCC not terminated it early. *Id.* In essence, she alleges that BMCC breached their

---

2. Dr. Machado-Mariscal alleges that HHMI terminated her services because of its "purchase/sale." Docket No. 1, pg. 3.

contract by terminating it before the five-year renewal term expired (allegations of breach) and that BMCC's breach harmed her because she lost three years and eleven months' worth of compensation (allegations that the breach caused an identifiable harm). She need do no more to survive BMCC's motion to dismiss. *See Almeida-León*, 993 F.3d at 13; *see also Rodríguez-Vives v. P.R. Firefighters Corps of P.R.*, 743 F.3d 278, 284 (1st Cir. 2014) ("A complaint 'must contain more than a rote recital of the elements of a cause of action,' but need not include 'detailed factual allegations.'" (quoting *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013))).

## II. Summary Judgment & Discovery

After BMCC filed its motion to dismiss, Dr. Machado-Mariscal moved for summary judgment. Docket No. 13. BMCC then filed a motion asking the Court to deny her motion for summary judgment as premature and allow it time to take discovery. Docket No. 16. Dr. Machado-Mariscal moved to strike that motion because BMCC did not attach an affidavit or declaration to it. Docket No. 17.

A party may move for summary judgment as soon as the case is commenced. FED. R. CIV. P. 56 adv. comm. note 2009 amend. ("[A] party [may] move for summary judgment at any time, even as early as the commencement of the action."). But because those motions will often be premature, Rule 56 establishes a procedure for the nonmovant to seek additional time to take discovery before responding. Rule 56 permits courts to defer considering the motion, deny it, or allow the nonmovant time to take discovery if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). The First Circuit encourages courts to construe Rule 56(d) motions generously, *In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 143 (1st Cir. 2014), and does not rigidly enforce the affidavit or declaration requirement, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 988 (1st Cir. 1988).

To benefit from Rule 56(d), the nonmovant must make a proffer: "the proffer should be authoritative; it should be

advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment." *In re PHC, Inc. S'holder Litig.*, 762 F.3d at 143 (quoting *Resol. Tr. Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994)). And if the reason the nonmovant cannot adduce facts to oppose summary judgment is that discovery is incomplete, then the nonmovant's proffer should also "show good cause for the failure to have discovered the facts sooner," "set forth a plausible basis for believing that [additional] facts . . . exist," and "indicate how the emergent facts . . . will influence the outcome of the pending summary judgment motion." *Id.* (quoting *Resol. Tr. Corp.*, 22 F.3d at 1203). For shorthand, we call these requirements "authoritativeness, timeliness, good cause, utility, and materiality." *Id.* at 144. All need not be present, and each can be relaxed if necessary. *Id.*

BMCC has satisfied the authoritativeness and timeliness requirements. Eight days after Dr. Machado-Mariscal filed her motion for summary judgment, BMCC filed

a motion asking the Court to allow it to take discovery before requiring it to respond to her motion. Docket No. 16. A few weeks later, it filed a statement under penalty of perjury signed by its Director of Human Resources explaining why it needs time to take discovery before opposing her motion. Docket No. 19-1.

BMCC has also shown good cause, utility, and materiality. As to good cause, it notes that discovery has not yet begun, it has no record of its predecessor's contracts with her, and it did not participate in drafting nor renewing these contracts. *Id.* at 2. BMCC has good cause for not marshalling the facts necessary to oppose summary judgment earlier because this case is in its nascent stages and Dr. Machado-Mariscal appears to have much of the information that BMCC seeks. *See In re PHC, Inc. S'holder Litig.*, 762 F.3d at 144 ("Typically, when the parties have no opportunity for discovery, denying the Rule 56[(d)] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." (quoting *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420

(6th Cir. 2008))); *id.* (stating the movant having control of the information that the nonmovant seeks is a factor that weighs in favor of granting Rule 56(d) relief). To show utility, the nonmovant's proffer "must show 'a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time.'" *Id.* (quoting *Rivera-Torres v. Rey-Hernández*, 502 F.3d 7, 10 (1st Cir. 2007)). BMCC points out that Dr. Machado-Mariscal has several documents that are not in its records and that it did not participate in drafting nor renewing the contract at issue. Docket No. 19-1, pgs. 1–2. But she did, so she likely has information that it can draw out in discovery. *See id.* Finally, BMCC has shown materiality by articulating how the facts that it seeks in discovery will affect the outcome of Dr. Machado-Mariscal's motion for summary judgment. *See In re PHC, Inc. S'holder Litig.*, 762 F.3d at 145 (explaining to show materiality, the Rule 56(d) affidavit "should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion" (quoting *Resol. Tr. Corp.*, 22 F.3d at 1203)). For it says

that more information about their relationship will allow it to show that she is not entitled to the relief that she seeks. *See* Docket No. 19-1, pgs. 1–2.

BMCC has satisfied Rule 56(d)'s requirements. We therefore grant its motion to allow it time to take discovery before responding to Dr. Machado-Mariscal's motion for summary judgment. And because Rule 56(d)'s affidavit requirement need not be rigidly enforced and, in any event, BMCC filed a statement under penalty of perjury, we deny Dr. Machado-Mariscal's motion to strike BMCC's motion. When discovery concludes, she may refile her motion for summary judgment.

### III. Conclusion

In sum, the Court **DENIES** BMCC's motion to dismiss (Docket No. 8), **DENIES without prejudice** Dr. Machado-Mariscal's motion for summary judgment (Docket No. 13), **GRANTS** BMCC's motion to take discovery (Docket No. 16), and **DENIES** Dr. Machado-Mariscal's motion to strike that

| MACHADO-MARISCAL V. BAYAMÓN MED. CTR. | Page 12 |
|---|---:|

motion (Docket No. 17). BMCC shall file its answer by July 6, 2022. FED. R. CIV. P. 12(a)(4)(A).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of June 2022.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE