**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

MARÍA DEL MAR MACHADO-MARISCAL,

Plaintiff,

v.

BAYAMÓN MEDICAL DENTER CORP.,

Defendant.

CIVIL NO.: 21-1468 (SCC)

**OPINION AND ORDER**

On October 28, 2022, plaintiff Dr. María del Mar Macho Mariscal filed a Motion to Compel and for Attorney's Fees that contained a significant number of exhibits that were not in English. ECF No. 40. Said motion did not request leave to file certified translations afterwards. More than 75 days elapsed without plaintiff submitting certified translations of the exhibits that were not in English. Local Rule 5(c) requires in its pertinent part that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English…." This should not surprise litigants, as "[u]nder 48 U.S.C. section 864 '[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language'." Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). Therefore, on January 12, 2023, plaintiff's motion was denied. ECF No. 52.

On January 23, 2023, plaintiff filed a motion for reconsideration, submitting the certified translations of five documents and arguing that (1) the exhibits in English were already part of the record (ECF No. 18) and that (2) "[s]ince the Spanish language documents were not being discussed in the arguments set forth in the Motion to Compel, Plaintiff understood that their

translation was not required for consideration of her motion." ECF No. 53. Regarding the first argument raised by plaintiff, if she had the exhibits already in English, all the more reason for her to have filed the certified translations when the motion was filed. Furthermore, at a minimum, plaintiff should have alluded to the fact that the certified translations had been filed in English in a previous motion that had been filed on February 16, 2022, which is more than eight months prior to the filing of the motion to compel.

With respect to plaintiff's second argument, her contention boils down to an implicit admission that the untranslated exhibits submitted along with her motion to compel are either irrelevant or unnecessary for the court's adjudication of the motion. If that is the case, then plaintiff should not have included irrelevant or unnecessary documents to a motion that contains 146 pages of exhibits.

In addition, the motion for reconsideration submitting the translations was filed on January 23, 2023, that is two weeks before the February 6, 2023 deadline to conclude discovery in this case. ECF No. 58. As is typically allowed unless the court rules otherwise, an opposing party has fourteen days to file a response to a motion. Local Rule 7(b). Therefore, defendant had until the very last day of the discovery phase in this case to file a response to the motion for reconsideration. By waiting until January 23, 2023 to submit the translations to the exhibits submitted in support of a motion that had been in the court's docket since October 28, 2022, plaintiff unnecessarily postponed this controversy until the end of discovery. At this juncture, granting plaintiff's request would not only entail reopening the discovery phase of the case, but perhaps even the refiling of motions for summary judgment, causing all sides to incur in further litigation expenses.

Finally, even if plaintiff's motion to compel were to be addressed on the merits, defendant's response in opposition (ECF No. 48) is persuasive. A few examples will suffice. As to interrogatory #5, plaintiff asked for the identity of the entity that purchased the stocks of Hospital Hermanos Meléndez, Inc. and the total price paid for the stocks. Defendant provided the identity of the purchaser and the total price paid for those stocks is irrelevant to plaintiff's breach of contract claim. Likewise, the due diligence efforts made by the purchaser of those stocks, information requested in interrogatory #6, is also irrelevant to plaintiff's breach of contract claim. With regard to the request for production of document #5 asking defendant to produce a copy of a stock purchase agreement between BMC Medical Center, LLC and the sellers, the motion has not placed the court in a position to determine its relevance. Perhaps had plaintiff modified her request, a motion to compel may have been unnecessary. For instance, plaintiff could have asked for the production of any written contract related to the sales and acquisition of Hospital Hermanos Meléndez upon which defendant relies in support of the termination letter, regardless of whether that contract happens to be the stock purchase agreement or another one.

With respect to the defendant's answers to plaintiff's request for admissions, plaintiff appears to be more focused on trying to persuade the court that the defendant's answers are wrong or false. For instance, with regard to request for admissions # 19, plaintiff contends that defendant's denial "is clearly incorrect, bordering on perjury." ECF No. 40, at 7. Regarding request for admission # 30, plaintiff states that defendant's denial "is clearly erroneous." ECF No. 40, at 9. As to requests #32 and # 42, plaintiff argues that the despite defendant's denial, the request must be admitted. Those arguments can adequately be addressed with evidence by means of motions for summary judgment or oppositions to the same.

For the reasons stated above, plaintiff's Motion Submitting Certified Translations and for Reconsideration of Court Order (ECF No. 53) is NOTED and DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of August, 2023.

s/Marcos E. López
U.S. Magistrate Judge