IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARÍA DEL MAR MACHADO-
MARISCAL,

    Plaintiff,

    v.

BAYAMÓN MEDICAL CENTER CORP.,

    Defendant.

CIVIL NO.: 21-1468 (SCC)

**OPINION AND ORDER**

    Pending before the court is Bayamón Medical Center Corporation's ("Defendant") motion to strike. ECF No. 87. Defendant seeks to strike Ms. María Del Mar Machado-Mariscal's ("Plaintiff") reply to Defendant's counter statement of material facts. ECF No. 80-1 at 5–6, ¶¶ 1–35 (hereinafter "Section B"). Additionally, Defendant argues that Plaintiff's opposition to its motion for summary judgment should be stricken because it is 19 pages long and therefore fails to comply with Puerto Rico Local Rule 7. For the reasons detailed below, Defendant's motion to strike is GRANTED IN PART and DENIED IN PART.

    Section B will be stricken from the record for three reasons. First, Section B should not have been embedded into Plaintiff's opposition to Defendant's motion for summary judgment (ECF No. 80). Instead, Plaintiff should have requested leave from the court to file a reply to Defendant's opposition to Plaintiff's motion for summary judgment (ECF Nos. 67, 68) and thereafter filed Section B separately. *See* Local Rule 7(c), 56(d). Second, Plaintiff incorrectly lumps her replies together in Section B. For example, instead of listing each reply separately,

Plaintiff comingles replies 1-5 and 10-35. Plaintiff should have listed each reply separately, state whether she is either admitting or denying, and provide a citation as necessary.

Third, Plaintiff references other filings as citations to her reply to Defendant's counter statement of proposed facts. Rather, Plaintiff should have ensured that Section B was self-contained. In other words, the court should not have to flip through various filings to find an exhibit in support of a denial. If a party makes a denial, that denial should be accompanied by a precise citation and an attached exhibit to support it. While the methods described above may have certainly saved Plaintiff's time, they place the court at a disadvantage to expediently resolve claims. Thus, Section B shall be stricken from the record.

Plaintiff is granted leave to file not later than February 7, 2024, a separate reply to Defendant's counter statement of proposed facts in accordance with this opinion and order. With respect to Defendant's request to strike Plaintiff's opposition to its motion for summary judgment (ECF No. 80), the same is DENIED. In sum, Defendant's motion to strike is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of February, 2024.

s/Marcos E. López<br>
U.S. Magistrate Judge